UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AIR FOODMART, INC. and § <br> RAFIQ MERCHANT, § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> LEASE FINANCE GROUP, LLC § <br> § <br> Defendant. § | Case No. 3:09-cv-1134 <br> (Removed from the 44th Judicial <br> District Court, Dallas County, Texas) |

## DEFENDANT LEASE FINANCE GROUP, LLC'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant, Lease Finance Group, LLC ("Defendant" or "LFG"), in the above-entitled and numbered cause, and subject to its objections, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, files this Original Answer to Plaintiffs' Original Petition[1] and shows as follows:

### I.
### FIRST DEFENSE

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant LFG would show that venue is improper in the Southern District of Texas as to this cause of action, and that instead, this cause of action should be proceeding, if at all, in the courts of New York.

### II.
### SECOND DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant LFG would show that Plaintiffs' Original Petition fails to state a claim upon which relief can be granted.

---

[1] Because this matter was removed from state court, Plaintiffs' original pleading is a Petition rather than a Complaint, and will be referred to as such throughout this Answer for purposes of clarity and consistency.

## III.
## THIRD DEFENSE

Subject to and without waiving the foregoing defenses, for further answer and as a separate defense, if any be necessary, Defendant LFG would answer the allegations contained in the separately numbered paragraphs of Plaintiffs' Original Petition as follows:

1.  Answering Paragraph 1 in Plaintiffs' Original Petition, Defendant LFG admits the allegations contained in the first three sentences of that paragraph. LFG denies the allegations contained in the fourth sentence. The contents of the fifth, sixth and seventh sentences of the paragraph are legal conclusions requiring no answer. Defendant denies the allegations contained in the eighth sentence and the statement in the ninth sentence has been superseded by removal of this case to Federal Court.

2.  Answering Paragraph 2 in Plaintiffs' Original Petition, Defendant LFG, on information and belief, admits the allegations contained in the first and second sentences of that paragraph, denies the allegations contained in the third sentence and, again, based on information and belief, admits the allegations contained in the fourth sentence.

3.  Answering Paragraph 3 in Plaintiffs' Original Petition, Defendant LFG denies the allegations contained in the first sentence and instead asserts that the person referred to in this sentence neither worked for, nor was a representative of, this Defendant. Answering the second sentence, Defendant admits that a contract was entered into for the installation of an ATM machine at Plaintiffs' place of business in Griffin, Georgia, but denies any knowledge of the factual accuracy of the other allegations contained in that sentence. Answering the third sentence of this paragraph, Defendant admits that Plaintiffs entered into a contract and that the ATM machine was, in fact, subsequently installed in their Griffin, Georgia, store. Answering the fourth, fifth and sixth sentences of Paragraph 3 of Plaintiffs' Original Petition, Defendant LFG

admits that it pursued collections pursuant to various contracts that were represented to LFG as having been entered into by Plaintiffs, but otherwise denies the allegations contained in those sentences, as well as denying that LFG had any authority to remove the ATM machine from Plaintiffs' location.

4. Answering Paragraph 4 in Plaintiffs' Original Petition, Defendant LFG admits that at various times it gave Plaintiffs notice of the existence of the New York judgment against Mr. Merchant, including in January of 2009. In answering the second sentence, Defendant admits that its New York counsel communicated with Plaintiffs in an effort to obtain satisfaction of the judgment and reserving its rights to proceed with collection efforts, but otherwise denies the allegations contained in the second sentence of this paragraph. Answering the third sentence in Paragraph 4, Defendant LFG lacks information to admit or deny whether either of the Plaintiffs have conducted business in the state of New York and denies the allegation of lack of consent to venue in the state of New York based on the contract provided to LFG.

5. Answering Paragraph 5 in Plaintiffs' Original Petition, Defendant LFG denies all of the factual allegations contained therein.

6. Answering Paragraph 6 in Plaintiffs' Original Petition, the first sentence of that paragraph contains a legal conclusion requiring no answer and Defendant LFG admits that the Plaintiffs seek a declaratory judgment as outlined in the second sentence. No other responsive pleading is needed to this paragraph.

7. Answering Paragraph 7 in Plaintiffs' Original Petition, Defendant LFG admits that Plaintiffs seek the relief requested therein, but deny that the Texas Declaratory Judgment Act is applicable to these proceedings following removal to Federal Court.

8. Answering Paragraph 8 in Plaintiffs' Original Petition, Defendant LFG admits that Plaintiffs are seeking the damages requested therein, but denies Plaintiffs are entitled to recover same against this Defendant.

9. Answering Paragraph 9 in Plaintiffs' Original Petition, Defendant LFG denies that all conditions precedent to recovery have either been met, satisfied and/or other waived as alleged therein.

10. Answering Paragraph 10 in Plaintiffs' Original Petition, Defendant LFG admits that Plaintiffs have so prayed for the relief set forth therein, but denies that Plaintiffs are entitled to any such relief.

## IV.
## AFFIRMATIVE DEFENSES

Defendant LFG affirmatively pleads that Plaintiffs' claims for relief in these proceedings are barred, in whole or in part, under the doctrines of waiver, estoppel, statute of limitations, collateral estoppel, *res judicata*, avoidable consequences and/or failure to perform all conditions precedent.

BASED ON THE FOREGOING, Defendant, Lease Finance Group, LLC, requests that Plaintiffs' Original Petition (now Complaint) be dismissed with costs, and that Lease Finance Group, LLC, have all further relief to which it may be justly entitled, at law or in equity.

Respectfully submitted,

*/s/ Wm. Bruce Stanfill*
**Wm. Bruce Stanfill**
Texas Bar No.: 19034350
Federal Bar No: 8899
wstanfill@bmpllp.com
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Boulevard, Suite 2500

Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

and

**Sarah B. Davis**
Texas Bar No. 24059659
sdavis@bmpllp.com
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1700 Pacific Avenue, Ste. 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Facsimile: (214) 237-4340

**ATTORNEY-IN-CHARGE FOR DEFENDANT LEASE FINANCE GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all counsel of record as listed below by e-filing in compliance with the applicable Federal Rules of Civil Procedure, on the 11th day of March 2010.

Greg Gutman, Esq.
LAW OFFICE OF GREG GUTMAN
12770 Coit Road, Suite 1100
Dallas, Texas, 75251

　_/s/ Wm. Bruce Stanfill_
Wm. Bruce Stanfill