# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIR FOODMART, INC. and <br> RAFIQ MERCHANT, <br><br> Plaintiffs, <br> v. <br><br> LEASE FINANCE GROUP, LLC <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> Case No. 3:09-cv-1134-G <br><br> (Removed from the 44th Judicial <br> District Court, Dallas County, Texas) |

## DECLARATION OF JAMES E. ROGERS IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

I, James E. Rogers, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury and the laws of the United States of America that the following is true and correct:

1. I am an American citizen and have never been convicted of a felony or crime of moral turpitude. I am fully competent and qualified to make this declaration and have personal knowledge of the facts contained herein based upon my representation of Lease Finance Group, LLC ("LFG") in this matter and my discussions with Plaintiffs' Counsel in this matter.

2. On or about April 19, 2010, Plaintiffs' Counsel contacted me and made the offer to settle this lawsuit for $26,500 as the money component to settle that also included the release of a judgment that had been taken against the Plaintiff in New York and LFG's agreement to assist Plaintiff Rafiq Merchant in removing the New York judgment from his credit report.

3. On April 20, 2010, I responded back to Plaintiffs' counsel via email that my client had accepted the offer and that "we have a deal to settle this matter for $26,500, along with release of the New York Judgment and to assist the Plaintiff in having the New York Judgment removed from his credit report." A true and correct copy of that email is attached as Exhibit A.

4. Later that day, Plaintiffs' Counsel responded to that email asking me to draft the settlement papers as he preferred that his "client not run up more fees." *See* Exhibit A.

5. I drafted settlement papers and forwarded them to Plaintiffs' Counsel on April 27, 2010. A true and correct copy of that email is attached as Exhibit B.

6. Plaintiffs counsel responded that he refused "to even discuss" the papers and that he would "not even bother to read them to the end." *See* Exhibit B.

7. After several follow up phone calls pleading to work through the issues, Plaintiffs' Counsel now claims "[w]e did not have a settlement agreement. Fire your motion away." A true and correct copy of that email is attached as Exhibit C.

      8.     Attached to this Declaration are true and correct copies of the settlement papers I forwarded to Plaintiffs' Counsel on April 27, 2010.

      9.     This ends my declaration.

Executed on this 27th day of April, 2010.

                                                   /s/ James E. Rogers
                                                   James E. Rogers

# EXHIBIT A

**Rogers, James**

---

| | |
|---|---|
| **From:** | Greg Gutman [gggutman@gmail.com] |
| **Sent:** | Tuesday, April 20, 2010 3:16 PM |
| **To:** | Rogers, James |
| **Subject:** | Re: AirFoodmart: Settlement |

James:

I would prefer that my client not run up more fees so IO ask that you initiate the document prep. Further, we need a deadline for payment, settin g aside the judgment and dismissal with prejudice, as well as deletion of the credit reports. I  want a provision for future damages in the event that there are future notations of any sort of negative credit report in connection with tese alleged transactions. I think that it is only fair to make sure that my client suffers no future damages.

Greg

On 4/20/10, Rogers, James <jrogers@bmpllp.com> wrote:
> Greg,
>
> I just heard back from my client, and we have a deal to settle this
> matter for $26,500, along with release of the New York Judgment and to
> assist the Plaintiff in having the New York Judgment removed from his
> credit report. Please respond back that we've got a deal and I'll let
> the Court and Mediator know that we've settled the matter.
>
> Would you mind taking the first stab at drawing up the settlement
> papers? I've got three depos this week, and couldn't get to it until
> the weekend at the earliest.
>
> Best regards,
>
> James E. Rogers
> Associate
> Beirne, Maynard & Parsons, L.L.P.
> 1300 Post Oak Blvd., 25th Floor
> Houston, TX 77056
> (713) 623-0887 (Tel.)
> (713) 968-3861 (Dir.)
> (713) 960-1527 (Fax)
>
> STATEMENT OF CONFIDENTIALITY
>
> The contents of this e-mail and its attachments are intended solely
> for the addressee(s) hereof. In addition, this e-mail transmission may
> be confidential and it may be subject to privilege protecting
> communications between attorneys and their clients. If you are not the
> named addressee, or if this message has been addressed to you in
> error, you are directed not to read, disclose, reproduce, distribute,
> disseminate or otherwise use this transmission. Delivery of this
> message to any person other than the intended recipient(s)is not
> intended in any way to waive privilege or confidentiality. If you have
> received this transmission in error, please alert the sender by reply
> e-mail; we also request that you immediately delete this message and
> its attachments,if any.
>
>
>

--
Greg Gutman, attorney at law
7130 Northaven Road

Dallas, TX 75230
tel 469 831 3712

2

# EXHIBIT B

# Rogers, James

**From:** Rogers, James
**Sent:** Tuesday, April 27, 2010 11:46 AM
**To:** 'Greg Gutman'
**Subject:** RE: Air Foodmart: Settlement Documents

Funny that you cannot articulate exactly what -- if anything -- is in fact wrong with it. If you are backing out of our settlement agreement I will file a Motion with the Court to enforce it this week.

Thanks,


-James E. Rogers

-----Original Message-----
From: Greg Gutman [mailto:gggutman@gmail.com]
Sent: Tuesday, April 27, 2010 11:42 AM
To: Rogers, James
Subject: Re: Air Foodmart: Settlement Documents

James:

the agreement is so far from something that would be acceptable that I decline to even discuss its components as a major waste of time. I did not even bother to read to the end. Having an appreciation for the type of client you represent, we will spend more time haggling over the agreement than getting the case tried. Please advise as to when defendant will get the rest of the document production to me. We can have a mjutual exchangfe in Dallas, at the same time. Please aqlso provide depo dates for a representative of your client.

Greg

On 4/27/10, Rogers, James <jrogers@bmpllp.com> wrote:
> Greg,
>
> Here are the settlement documents. I've already got the check request
> in the till, so the quicker we get these agreed and executed the
> faster I can get you the check.
>   <<Airfood Mart: Settlement Agreement.DOC>> You'll notice I left
> blanks in for where you want us to send the check and who you want as
> the Payee. Please let me know, and also please make any proposed
> changes in red-line format so we can track them.  Once we're agreed,
> I'll finalize the document, we'll both get our client's signature and
> the timeline begins.
>
> Thanks,
>
> James E. Rogers
> Associate
> Beirne, Maynard & Parsons, L.L.P.
> 1300 Post Oak Blvd., 25th Floor
> Houston, TX 77056
> (713) 623-0887 (Tel.)
> (713) 968-3861 (Dir.)
> (713) 960-1527 (Fax)
>
> STATEMENT OF CONFIDENTIALITY
>
> The contents of this e-mail and its attachments are intended solely
> for the addressee(s) hereof. In addition, this e-mail transmission may
> be confidential and it may be subject to privilege protecting
> communications between attorneys and their clients. If you are not the

1

```
> named addressee, or if this message has been addressed to you in
> error, you are directed not to read, disclose, reproduce, distribute,
> disseminate or otherwise use this transmission. Delivery of this
> message to any person other than the intended recipient(s)is not
> intended in any way to waive privilege or confidentiality. If you have
> received this transmission in error, please alert the sender by reply
> e-mail; we also request that you immediately delete this message and
> its attachments,if any.
>
>
>


--
Greg Gutman, attorney at law
7130 Northaven Road
Dallas, TX 75230
tel 469 831 3712
```

# EXHIBIT C

**Rogers, James**

**From:** Greg Gutman [gggutman@gmail.com]
**Sent:** Tuesday, April 27, 2010 12:41 PM
**To:** Rogers, James
**Subject:** Re: Airfood Mart: Settlement Agreement.DOC

I am not reneging on anything. We did not have a settlement agreement.
Fire your motion away.

On 4/27/10, Rogers, James <jrogers@bmpllp.com> wrote:
> Greg,
>
> I realized I had a typo of $26,000, not $26,500. I've fixed that, so
> if you are still reneging on this agreement let me know as soon as
> possible as I am filing a Motion today.
>
> Thanks,
>
>  <<Airfood Mart: Settlement Agreement.DOC>>
>
> James E. Rogers
> Associate
> Beirne, Maynard & Parsons, L.L.P.
> 1300 Post Oak Blvd., 25th Floor
> Houston, TX 77056
> (713) 623-0887 (Tel.)
> (713) 968-3861 (Dir.)
> (713) 960-1527 (Fax)
>
> STATEMENT OF CONFIDENTIALITY
>
> The contents of this e-mail and its attachments are intended solely
> for the addressee(s) hereof. In addition, this e-mail transmission may
> be confidential and it may be subject to privilege protecting
> communications between attorneys and their clients. If you are not the
> named addressee, or if this message has been addressed to you in
> error, you are directed not to read, disclose, reproduce, distribute,
> disseminate or otherwise use this transmission. Delivery of this
> message to any person other than the intended recipient(s)is not
> intended in any way to waive privilege or confidentiality. If you have
> received this transmission in error, please alert the sender by reply
> e-mail; we also request that you immediately delete this message and
> its attachments,if any.
>
>
>


--
Greg Gutman, attorney at law
7130 Northaven Road
Dallas, TX 75230
tel 469 831 3712

1

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIR FOODMART, INC. and | § | |
| RAFIQ MERCHANT, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Case No. 3:09-cv-1134-G |
| | § | |
| LEASE FINANCE GROUP, LLC | § | (Removed from the 44th Judicial |
| | § | District Court, Dallas County, Texas) |
| Defendant. | § | |

## CONFIDENTIAL MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Confidential Mutual Release and Settlement Agreement ("Agreement") is made and entered into by Plaintiffs, Air Foodmart, Inc. and Rafiq Merchant ("Plaintiffs") and Defendant, Lease Finance Group ("Defendant" or "LFG"), and will become effective upon the signature of the last party to sign (the "Effective Date").

### I.
### RECITALS

Plaintiffs filed the above styled lawsuit (the "Lawsuit"), claiming that LFG committed various torts and breaches arising out of ATM leasing and guarantee agreements, a New York Judgment taken against Plaintiffs in the matter of *Lease Finance Group v. Rafiq M. Merchant Jr. a/k/a Rafiq M. Merchant*, Civil Court of the City of New York, Index No. 014856/07 (the "New York Judgment") and other alleged acts and omissions (the "Incident").

Defendant denies any liability to the Plaintiffs regarding both the Lawsuit and the Incident, and the consideration described below is not to be construed as an admission of liability, which is expressly denied.

It is the desire of Plaintiffs and Defendant to settle all matters and issues in dispute between them relating to the Lawsuit and the Incident in order to avoid the inconvenience and expenses of litigation.

### II.
### AGREEMENTS AND RELEASES

NOW, THEREFORE, for and in consideration of the following covenants and promises, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Defendant will pay Plaintiffs the sum of TWENTY SIX THOUSAND FIVE HUNDRED DOLLARS ($26,500) in full and final settlement of all claims that were or could have been asserted in the above-styled Lawsuit arising out of or in any way related to the Incident or the New York Judgment. Within in twenty (20) days of the Effective Date, Defendant's counsel shall have a check made payable to _____ for the full above amount delivered to Plaintiffs' counsel at his office address _____ *via* Fedex.

2. Defendant agrees to release the New York Judgment and assist the Plaintiffs in removing the New York Judgment from Mr. Rafiq Merchant's credit report. In order to accomplish this task, both parties agree that:

    a. Defendant will prepare and provide Plaintiffs with a stipulation vacating the New York Judgment and declaring it null and void in all respects within ten (10) days of the Effective Date.

    b. Plaintiffs will execute and return the stipulation within five (5) days of receipt, and Defendants will then file the stipulation with the court within five (5) days after return receipt from the Plaintiffs to obtain full and final release of the New York Judgment.

    c. Defendant will then return a file stamped stipulation to the Plaintiffs within five (5) days after filing, and Plaintiffs agree to then contact all major credit reporting bureaus, contest the New York Judgment on Mr. Merchant's credit report and provide each credit reporting bureau with a copy of the file stamped stipulation vacating the New York Judgment.

    d. In the event that the New York Judgment reappears on Mr. Merchant's credit report at any point in the future, Mr. Merchant may contact the Defendant who, after reasonable notice and time to respond, agrees to again assist Mr. Merchant in the same manner as above.

3. Plaintiffs and their directors, officers, partners, employees, agents, insurers, representatives, and assigns agree to and do hereby RELEASE, ACQUIT and FOREVER DISCHARGE Defendant and its directors, officers, partners, employees, agents, insurers, representatives and assigns from any and all claims, demands, causes of action of whatsoever nature accrued or unaccrued, known or unknown, equitable or legal, whether or not asserted in the Lawsuit, arising out of, or in any way related to the Lawsuit, the New York Judgment, or the Incident.

4. Plaintiffs agree to and accepts the above consideration IN FULL COMPROMISE AND SETTLEMENT OF ALL CLAIMS, DEMANDS, DEFENSES OR SET OFFS, CAUSES OF ACTION, KNOWN OR UNKNOWN, whether now existing or that may arise hereafter on account of or by reason of any event, transaction, or matter which may have occurred prior to the Effective Date regarding the Lawsuit, the Incident or the New York Judgment.

5. Upon execution of this Agreement, and within five (5) business days after full payment as described in Paragraph 1 above, Plaintiffs agree to sign and file with the court a full Non-Suit

with Prejudice for the Lawsuit, fully dismissing all claims with prejudice. Upon written request, both parties agree to return any and all documents provided in this matter, or provide written certification that those documents have been destroyed.

6. Plaintiffs and Defendants agree that the terms, amount and fact of settlement shall be kept strictly confidential and promise that neither shall disclose, either directly or indirectly, any information concerning this settlement (or the fact of settlement) to anyone except as required by law or by any legal proceeding. Plaintiffs agree to accept ONE HUNDRED DOLLARS ($100.00) in consideration for the foregoing confidentiality agreement, which amount is already included in the consideration referenced above in Paragraph 1.

7. Neither the Defendant, the Defendant's representatives, nor their attorneys have made any representations concerning the tax treatment or effect of this Agreement or the settlement payments to the Plaintiffs. Plaintiffs acknowledge that because the herein described consideration from Defendant includes sums that Plaintiffs will use to pay for Plaintiffs' attorneys fees and other expenses incurred by Plaintiffs in connection with the Lawsuit, no taxes have been or shall be withheld from the total amount of payment, that no 1099 form shall issue, and that Plaintiffs shall be solely responsible for any and all taxes that may be owed to federal, state and/or local authorities, including, without limitation, any interest or penalties resulting from the payments pursuant to this Agreement. IN ADDITION, PLAINTIFFS EXPRESSLY AGREE TO INDEMNIFY AND HOLD DEFENDANTS HARMLESS FROM ANY AND ALL CLAIMS OR ACTIONS, INCLUDING ATTORNEYS' FEES, IF ANY TAX PROCEEDING SHALL TAKE PLACE ARISING FROM THE PAYMENTS MADE PURSUANT TO THIS AGREEMENT. The parties make no representations nor express any opinions about whether any portion of sums paid pursuant to this Agreement may be subject to taxation.

8. The parties agree that each party shall bear its own court costs, litigation expenses and attorneys' fees which have been or will be incurred in connection with the Lawsuit.

9. The parties agree that this Agreement shall be binding upon themselves and their respective representatives, insurers, heirs, executors, administrators, partners (both past and present) and assigns.

10. The parties represent that they are both legally competent and fully authorized to execute this Agreement and are doing so without duress. The parties represent that they are entering into this Agreement without reliance on any statement, act or representation of any kind or character on the part of anyone that is not expressly set forth herein, and that they have had the opportunity to consult with their own legal counsel regarding the substance of this Agreement.

11. It is fully understood by the parties that this Agreement is made in compromise, resolution and settlement of disputed claims, and that such compromise, resolution and settlement and this Agreement shall not be taken as an admission of liability of any kind or character by any such party, but rather such liability is expressly denied. This Agreement shall not be

admissible in any proceeding or cause of action as an admission of liability by any of the parties hereto.

12. This Agreement is intended to be performed in accordance with, and only to the extent permitted by, all applicable legal requirements. If any provision of this Agreement or the application thereof to any person or circumstance shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of the Agreement in which such provision is contained nor the application of such provision to other persons or circumstances shall be affected thereby, but rather shall be enforced to the greatest extent permitted by law.

13. The attorneys for both the Plaintiffs and the Defendant have all assisted in preparing, finalizing and executing this Agreement such that it shall not be construed against any party. The Plaintiffs and Defendant have relied upon the legal advice of their respective counsel in effecting this Agreement and the Plaintiffs and Defendant are entering into this Agreement on their own voluntary will and accord.

14. THIS AGREEMENT IS MADE AND ENTERED INTO IN THE STATE OF TEXAS AND SHALL IN ALL RESPECTS BE INTERPRETED, ENFORCED AND GOVERNED UNDER THE LAWS OF THE STATE OF TEXAS WITHOUT RECOURSE TO THE APPLICATION OF TEXAS' CHOICE OF LAW PROVISIONS. MANDATORY VENUE AND JURISDICTION FOR ANY AND ALL DISPUTES ARISING OUT OF OR RELATED TO THIS AGREEMENT WILL BE IN THE HARRIS COUNTY DISTRICT COURTS, HOUSTON, TEXAS.

15. This Agreement may be signed in multiple original counterparts with the same effect as if all signatures appeared on the same instrument. Each separate counterpart shall constitute an agreement between the parties when and as executed by them. Each counterpart of this Agreement shall for all purposes be deemed one and the same instrument.

16. This Agreement shall not be amended, altered, revised, modified, terminated or changed except by a subsequent written agreement signed by all parties to which the amendment, alteration, revision, modification, termination or change pertains, and then such shall be effective only in the particular instance for the specific purpose for which it is given.

17. This Agreement represents the final integrated agreement between Plaintiffs and Defendant and shall replace and supersede any prior settlement agreements or negotiated terms. Also, no subsequent oral representations or understandings concerning the subject matter have or shall operate to amend, supersede, or replace any of the terms or conditions set forth therein.

18. At and from time to time after the execution of this Agreement, at the request of any party, but without further consideration, each party hereto shall executed and deliver such other instruments and take such other action as any party may reasonably request in order to more effectively consummate the transactions contemplated by this Agreement.

19. Each of the parties has either read this Agreement, had the Agreement read to them, had the Agreement translated for them; and/or had the Agreement read to them as translated, and is entering into this Agreement as a free and voluntary act.

WHEREFORE, the parties have caused their respective hands to be set hereto by their duly authorized representatives and in their individual capacities.

**SIGNATURES BEGIN ON THE NEXT PAGE**

1187466v.1

5

PLAINTIFF AIR FOODMART, INC.

By:_____
    Name:_____
    Title:_____

STATE OF TEXAS       §
                                 §
DALLAS COUNTY      §

    BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person who executed the foregoing instrument in his foregoing capacity, and acknowledged to me that he executed for and on behalf of AIR FOODMART INC. and that he was duly authorized and fully competent to do so.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE on this \_\_\_\_\_ day of _____, 2010.

                                          _____
                                          Notary Public in and for
                                          The State of Texas
                                          My Commission Expires:_____

PLAINTIFF RAFIQ MERCHANT

By:_____
    Rafiq Merchant

STATE OF TEXAS       §
                                 §
DALLAS COUNTY      §

    BEFORE ME, the undersigned authority, on this day personally appeared RAFIQ MERCHANT, known to me to be the person who executed the foregoing instrument in his individual capacity, and acknowledged to me that he executed for himself and that he was duly authorized and fully competent to do so.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE on this \_\_\_\_\_ day of _____, 2010.

                                          _____
                                          Notary Public in and for
                                          The State of Texas
                                          My Commission Expires:_____

1187466v.1

                                      DEFENDANT LEASE FINANCE GROUP, LLC

                                      By:_____
                                           Name:_____
                                           Title:_____

STATE OF NEW YORK    §
                               §
NEW YORK COUNTY    §

      BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person who executed the foregoing instrument in his foregoing capacity, and acknowledged to me that he executed for and on behalf of LEASE FINANCE GROUP, LLC and that he was duly authorized and fully competent to do so.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE on this \_\_\_\_\_day of _____, 2010.

                                        _____
                                        Notary Public in and for
                                        The State of Texas
                                        My Commission Expires:_____